# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv477

| | |
|---|---|
| WAYNE SIGMON, Trustee in Bankruptcy for Sonya Gregory, ) ) ) Plaintiff, ) ) vs. ) ) JOHN POTTER, POSTMASTER ) GENERAL OF THE UNITED STATES, ) UNITED STATES POSTAL SERVICE, ) ) Defendant. ) _____) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' responses to the Order of January 23, 2008.

## PROCEDURAL HISTORY

On November 19, 2006, the Plaintiff initiated this action through counsel alleging discrimination and retaliation in connection with her employment with the Defendant. Complaint, filed November 19, 2006. The Defendant has never answered the complaint due to several

1

extensions of time within which to answer or otherwise move.

On January 31, 2007, the Plaintiff and her husband filed a Chapter 7 Petition in Bankruptcy. In re Gregory, Bankruptcy Case No. 07-40065.

On April 16, 2007, the Plaintiff's husband filed a complaint in federal court alleging employment discrimination. Complaint, filed April 16, 2007 in Gregory v. Potter, Civil Case No. 1:07cv142. Before the Defendant answered or otherwise appeared in that case, the Magistrate Judge issued an order requiring the Trustee in Bankruptcy to intervene or otherwise respond as to the manner in which the bankruptcy estate desired to proceed. Order, in Civil Case No. 1:07cv142, filed May 9, 2007. The Trustee responded that Sonya Gregory stated on Schedule B of her bankruptcy petition that there is a "Pending legal action against U. S. Postal Service for lost wages and sexual harrassment (sic)" which had been listed as an asset of her estate which she valued at $1.00. Response, *supra.*, filed May 15, 2007, at ¶3. As a result of this disclosure, the Bankruptcy Court limited the exemption election for Sonya Gregory to the sum of $1.00 in connection with that litigation. *Id*., at ¶5. The Trustee moved to dismiss Civil Case No. 1:07cv142, stating that he had deposed Jeffrey Gregory and reviewed the complaint resulting in his conclusion that

"it is not economically feasible for the bankruptcy estate to pursue the subject civil action. It appears to the Trustee that considering the fact that the bankruptcy estate has no assets and considering the fact that recovery in this civil action is questionable at best, the civil action should be dismissed." Response and Motion to Dismiss, in Civil Case No. 1:0cv142, filed July 3, 2007. The Magistrate Judge recommended that the action be dismissed. The District Court accepted that recommendation and dismissed the action with prejudice on December 6, 2007. Memorandum and Recommendation, in Civil Case No. 1:07cv142, filed September 10, 2007; Memorandum and Order of Dismissal, *supra*., filed December 6, 2007.

Meanwhile, this case remained pending with no answer having been filed by the Defendant due to a series of motions for extensions of time. The stated reason for the extensions was a proposed settlement that had not yet been approved by the Bankruptcy Court. A settlement was reached but the Bankruptcy Court declined to approve it because the Debtor, Sonya Gregory, vehemently objected and claimed factual issues which the Bankruptcy Court found could only be resolved by credibility determinations. Order, in Bankruptcy Case No. 07-40065, filed December

12, 2007. Thus, unlike Jeffrey Gregory's discrimination case, which the Trustee found could not reasonably be pursued and thus should be dismissed, the Trustee in the Plaintiff's case negotiated a settlement with the Defendant for which approval was sought in the bankruptcy proceeding.

The Trustee appealed the Bankruptcy Court's ruling declining to approve the settlement, resulting in a third lawsuit involving these parties. <u>Sigmon v. Gregory</u>, Civil Case No. 1:08cv11. That bankruptcy appeal is pending before the Hon. Lacy H. Thornburg. In that appeal, the Trustee seeks enforcement of the settlement agreement.

By Order entered in this action on January 23, 2008, the undersigned requested that the Plaintiff, the Defendant and the Trustee in bankruptcy advise whether this action should be dismissed; whether the Trustee is the real party in interest; whether the Trustee seeks to intervene or otherwise move; and whether the administrative remedies were exhausted.

## DISCUSSION

The parties and the Trustee responded to the Order. The parties and the Trustee agree that administrative remedies were in fact exhausted.

4

Both the Defendant and the Trustee agree that the Trustee is the real party in interest. The Plaintiff concurs that the Trustee is the real party in interest but makes an argument that she is a party "in tandem," not because of a financial interest in the action but because the case, she claims is not "solely about money. It has been and continues to be about a loss of dignity, a loss of career, a loss of mental well being ... and similar matters that are uniquely personal to her, and not property of the estate but constitute make-whole relief." Plaintiff's Response to the Court's Order of January 23, 2008, filed February 11, 2008, at 2.

A pre-petition cause of action is the property of the Chapter 7 bankruptcy estate and thus, "a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate." Parker v. Wendy's International, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004). Thus, "[i]n this case, [Plaintiff's] discrimination claim became an asset of the bankruptcy estate when she filed her petition. [Sigmon], as trustee, then became the real party in interest in [her] discrimination suit." Id.; *accord*, Barger v. City of Cartersville, Ga., 348 F.3d 1289 (11th Cir. 2003); 11 U.S.C. §541(a) (property of the bankrupt estate includes all property in

which debtor has legal or equitable interest).[1]  The Court therefore concludes that the Trustee is the real party in interest and must be allowed to intervene as party Plaintiff in this action.

The Trustee asks that this action be dismissed subject to the settlement proposed in Bankruptcy Court.  In the alternative, he asks that the dismissal of this action be stayed pending approval of the settlement.[2]  Since the issue of the Bankruptcy Court's refusal to approve the proposed settlement is presently before Judge Thornburg in connection with the appeal from Bankruptcy Court, it would not be appropriate for the undersigned to address that issue.  As a result, the undersigned finds that this case should be stayed pending rulings on the matters pending before

---

[1] The issue of whether the Plaintiff's claim, if any, for injunctive relief became property of the estate is distinct from the issue of whether judicial estoppel would apply in the event that she had failed to disclose this pre-petition lawsuit in her bankruptcy proceeding.  *See*, *e.g.*, Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002); Barger v. City of Carterville, Ga., 348 F.3d 1289, 1297 (11th Cir. 2003).  Unless abandoned, the Trustee is the real party in interest as to any equitable claims as well. *But see*, Parker, 365 F.3d at 1273 n.4 ("Even if there were a demand in the debtor's complaint for injunctive relief so that the debtor properly remained a plaintiff as to that relief, that would not alter the analysis of the inapplicability of judicial estoppel to the *trustee's* claim for money damages.").

[2] The Defendant concurs.  The Plaintiff asks that the action not be dismissed.

Judge Thornburg and the Bankruptcy Court. <u>See</u>, *e.g.*, <u>Wilkerson v. Schirmer Engineering Corp.</u>. 2007 WL 809796 (D.Colo. 2007).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Bankruptcy Trustee is hereby allowed to intervene as party Plaintiff and is made Plaintiff in this action as the real party in interest in the claims asserted in the Complaint. The caption of the pleading has been amended to so reflect.

**IT IS FURTHER ORDERED** that any pending motions in this matter are hereby **DENIED** without prejudice to renewal.

**IT IS FURTHER ORDERED** that this action is hereby **STAYED** pending the conclusion of proceedings in Civil Case No. 1:08cv11 and the Trustee shall notify the Court in writing of the final ruling in that matter on or before fifteen (15) days from entry thereof.

The Clerk of Court is instructed to serve a copy of this Order on the Hon. Lacy H. Thornburg.

Signed: February 18, 2008

Martin Reidinger
United States District Judge